# United States District Court

__SOUTHERN__ DISTRICT OF __NEW YORK__

JAMES BRIEF,
      Plaintiff,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

ALBERT EINSTEIN COL. of MEDICINE, et al.,
      Defendants.

TO: (Name and address of defendant)

See attached

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LEEDS MORELLI & BROWN, P.C.
ONE OLD COUNTRY ROAD, STE 347
CARLE PLACE, NEW YORK  11514
516-873-9550

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**CLERK**

**DATE**

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
　　　　　　　　Date　　　　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## DEFENDANTS LIST

ALBERT EINSTEIN COLLEGE OF MEDICINE
1300 Morris Park Avenue
Bronx, NY 10461

YESHIVA UNIVERSITY
500 West 185th Street
New York City, New York 10033

JAMES DAVID, M.D.
ALBERT EINSTEIN COLLEGE OF MEDICINE
1300 Morris Park Avenue
Bronx, NY 10461

NADINE KATZ, M.D.
ALBERT EINSTEIN COLLEGE OF MEDICINE
1300 Morris Park Avenue
Bronx, NY 10461

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES BRIEF,

                Plaintiff,

                                                 **COMPLAINT**

ALBERT EINSTEIN COLLEGE OF MEDICINE,      Jury Trial Demanded
YESHIVA UNIVERSITY, JAMES DAVID, M.D.
and NADINE T. KATZ, M.D.,

                Defendant.
------------------------------------------------------------x

        Plaintiff, JAMES BRIEF, by his attorneys, LEEDS, MORELLI & BROWN, P.C., complaining of the defendants herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### JURISDICTION AND VENUE

1.     This is a civil action based upon the defendants' violations of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., and Title III of the American With Disabilities Act, 42 U.S.C. § 12182, et seq., the New York State Human Rights Law, Executive Law § 290 *et seq.*, the New York City Administrative Code § 8-101 *et seq.*; and any other common law or statutory cause of action which can be inferred from the facts set forth herein.

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, in that plaintiff's claim arises under the Rehabilitation Act of 1973 and under the American with Disabilities Act. The pendent jurisdiction of the Court, 28 U.S.C. §1367, is invoked over state law causes of action.

3.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

4. Plaintiff, JAMES BRIEF, is a resident of the County of Rockland, State of New York.

5. Defendant, ALBERT EINSTEIN COLLEGE OF MEDICINE, is a graduate school authorized under the laws of the State of New York with its principal place of business in County of Bronx, State of New York.

6. Defendant, YESHIVA UNIVERSITY, is a university and a not-for-profit corporation incorporated under the laws of the State of New York with a place of business in County of Bronx, State of New York.

7. Defendant JAMES DAVID, is the Associate Dean for Students of defendant, ALBERT EINSTEIN COLLEGE OF MEDICINE. At all relevant times alleged, defendant, JAMES DAVID, was an agent, servant, or employee of the defendants ALBERT EINSTEIN COLLEGE OF MEDICINE and YESHIVA UNIVERSITY and was engaged in the course of his duties, responsibilities, and employment in the County of Bronx, State of New York.

8. Defendant, NADINE T. KATZ, is the Assistant Dean for Faculty Development of defendant, ALBERT EINSTEIN COLLEGE OF MEDICINE and the chairperson of the Committee on Student Promotions and Professional Standards. At all relevant times alleged, defendant, NADINE T. KATZ, was an agent, servant, or employee of the defendants ALBERT EINSTEIN COLLEGE OF MEDICINE and YESHIVA UNIVERSITY and was engaged in the course of her duties, responsibilities, and employment in the County of Bronx, State of New York.

## FACTUAL BACKGROUND

9. Defendants, ALBERT EINSTEIN COLLEGE OF MEDICINE ("AECOM") and YESHIVA UNIVERSITY, operate a graduate school to which plaintiff, JAMES BRIEF, was accepted on or about August 2001.

10. Shortly after beginning his studies with the defendants, plaintiff began experiencing academic difficulties. Plaintiff failed a number of examinations despite perfect class attendance, arduous studying and utilization of tutoring services.

11. On or about December 2005, plaintiff failed his Ob/Gyn subject board examination by 2 points.

12. On or about January 2006, plaintiff was examined and evaluated by Dr. Brian M. Quail, a neuropsychologist, and diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") and Mixed Anxiety Depressive Disorder.

13. On or about January 2006, Dr. Lois Kroplick, a psychiatrist, examined and evaluated plaintiff and confirmed his diagnoses of ADHD and Mixed Anxiety Depressive Disorder.

14. On or about January 2006, plaintiff began receiving treatment for his ADHD, including weekly therapy sessions and medications. Thereafter, his academic performance substantially improved.

15. On or about January 2006, plaintiff presented defendants with the reports of his diagnoses from his doctors.

16. On or about February 2006, plaintiff requested an accommodation for his disability as recommended by his physician. Defendants granted him permission to receive extended time on timed examinations.

17. With the additional time accommodation, plaintiff successfully passed his surgery board examination on or about February 2006.

18. On or about March 2006, the defendants' Committee on Student Promotions and Professional Standards ("Committee") notified plaintiff that he was required to meet with them. The Committee heard testimony from plaintiff about his diagnoses of ADHD and Mixed Anxiety Depressive Disorder, his course of treatment, and his improved academic performance since beginning treatment. Nevertheless, the Committee decided that plaintiff would be provisionally dismissed from defendants' graduate program.

19. Subsequent to learning about the Committee's decision, plaintiff met with defendant, JAMES DAVID, and was advised that he could continue his academic studies during the appeals process.

20. Plaintiff thereafter formally appealed the Committee's decision to expel him.

21. On or about March 2006, plaintiff retook his Ob/Gyn subject board examination and passed it with a score 20 points higher than his pre-diagnosis and treatment score.

22. On or about March 2006, plaintiff passed his family medicine clerkship with a grade of Honors, achieving the highest score possible in each of the seventeen (17) areas evaluated. Plaintiff's improved academic performance illustrates that he was otherwise qualified as a student in defendants' program.

23. On or about April 2006, plaintiff passed his radiology clerkship.

24. On or about April 2006, despite his recent academic successes, plaintiff was advised that due to his previous expulsion (which was still under appeal) he could no longer register for or take any clerkships.

25. On or about May 2006, plaintiff, plaintiff's mother, and plaintiff's physician, Dr. Lois Kroplick, testified at a committee meeting.

26. The Committee decided to uphold its February 2006 decision to expel plaintiff. However, plaintiff was later notified that because the Committee was one person short of a quorum, their decision was non-binding.

28. On or about July 2006, plaintiff received a letter from the Committee inviting him to attend the July Committee meeting. Plaintiff and his mother arrived for the meeting and then waited for three hours to meet with the Committee. They were then advised that the Committee refused to meet with them.

29. Thereafter, the Committee and JAMES DAVID told plaintiff that it doubted the authenticity of his diagnoses and wanted him to meet with an independent evaluator of their choosing. JAMES DAVID further told plaintiff that AECOM would pay for the cost of these additional evaluations.

30. Subsequently, plaintiff contacted their first choice of acceptable evaluators, Dr. Michael Stowe, but was advised by his office that the earliest available appointment was the end of October 2006.

31. Plaintiff then contacted another acceptable evaluator, Dr. Lenard Adler, and scheduled an appointment for August 31, 2006. Dr. Adler is an Associate Professor of Psychiatry and Neurology at New York University School of Medicine and the Director of the Adult ADHD program at New York University School of Medicine .

32. Thereafter, plaintiff met with Dr. Adler for a consultation. Plaintiff undertook said consultation at his own expense paying Dr. Alder a fee of $500. Plaintiff presented this

bill to AECOM but has not yet been reimbursed by the defendants.

33. Dr. Adler confirmed plaintiff's previous diagnoses of ADHD.

34. Dr. Adler referred plaintiff for further evaluations with Drs. David Sitt and Dominick Auciello of the New York University Child Study Center. Dr. Sitt is a Clinical Psychologist in the Institute for Learning and Academic Achievement. Dr. Auciello is the Supervising Clinical Neuropsychologist in the Institute for Learning and Academic Achievement. Their report also confirmed plaintiff's previous diagnosis of ADHD. Plaintiff received a bill for said evaluation in the amount of $2,400. Plaintiff presented this bill to AECOM but it has not yet been paid by the defendants.

35. On or about December 2006, plaintiff submitted Dr. Adler's diagnosis and Drs. Sitt and Auciello's report to the Committee and was invited to attend the January 2007 Committee meeting.

36. At its January 8, 2007 meeting, the Committee voted to uphold its previous ruling and recommended plaintiff's dismissal from the defendants' program.

37. On or about January 11, 2007, plaintiff received a letter from defendant, JAMES DAVID, advising him that the Committee recommended plaintiff's dismissal from the defendants' program.

38. On or about February 1, 2007, plaintiff sent an appeal-to-the-Dean to Dean Allen M. Spiegel requesting a meeting with him to discuss the Committee's recommendation.

39. On or about February 16, 2007, plaintiff received a letter from Dean Allen M. Spiegel advising him that he was upholding the Committee's recommendation to dismiss plaintiff from the defendants' program. After forcing plaintiff to undergo expensive and time

6

consuming evaluations, the Committee deemed plaintiff's diagnosis irrelevant and chose to consider only his prior failures in making their decision.

40. As a direct result of defendants' actions, plaintiff's Mixed Anxiety Depressive Disorder symptoms worsened and his medication dosage has been increased to three times his original dosage to cope with these symptoms. Although the average ADHD patient only requires monthly therapy sessions, due to defendants' actions, plaintiff now requires weekly therapy sessions, at significant cost and expense to him.

41. Another student in the same program as the plaintiff failed an equal number of exams as plaintiff but was never disciplined or even called before the Committee, as plaintiff had been in 2004. Said student, who has not been diagnosed with either a learning disability or any other mental illness, is scheduled to graduate from AECOM during May 2007.

42. Plaintiff is otherwise qualified to participate in AECOM's program, as further demonstrated by the fact that another graduate school, Ross University Medical School, has accepted plaintiff into its program.

43. Plaintiff has been discriminated and/or retaliated against by the defendants in that they failed to reasonably accommodate his disability.

44. Plaintiff has been discriminated and/or retaliated against by the defendants in that he received disparate treatment due to his disability

45. By reason of defendants' discriminatory and/or retaliatory actions against plaintiff, plaintiff has suffered a loss of future earnings and benefits, great pain, mental anguish and physical injury. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies permissible under law.

## AS AND FOR A FIRST CAUSE OF ACTION
### (§ 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794)

46. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

47. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C.A. § 794) prohibits the exclusion of or discrimination against an otherwise qualified handicapped individual under any program or activity receiving federal financial assistance. Defendants receive federal financial assistance within the meaning of the above statutes.

48. Plaintiff is handicapped within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794.

49. Plaintiff has been excluded from that program and discriminated against by defendants, in violation of § 504 of the Rehabilitation Act, 29 U.S.C.A. § 794, solely because he has ADHD and Mixed Anxiety Depressive Disorder.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title III of the Americans With Disabilities Act, 42 U.S.C. § 12182)

50. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

51. Title III of the Americans With Disabilities Act (42 U.S.C. § 12182) prohibits the discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or lease to); or operates a place of public accommodation. Defendants operate a place of public accommodation within the meaning of Title III of the American With Disabilities Act (42. U.S.C.§ 12182).

52. Plaintiff is handicapped within the meaning of Title III of the Americans With Disabilities Act (42 U.S.C. § 12182).

53. Plaintiff has been discriminated and/or retaliated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendants, because he has ADHD and Mixed Anxiety Depressive Disorder.

### AS AND FOR A THIRD CAUSE OF ACTION
### (New York State Human Rights Law § 296(4))

54. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

55. The New York State Human Rights Law § 296(4) prohibits the discrimination on the basis of disability in use of the facilities of an education corporation to any person otherwise qualified. Defendants are an education corporation within the meaning of the New York State Human Rights Law (Executive Law § 296(4)).

56. Plaintiff has a disability within the meaning of the Human Rights law (Executive Law §§ 292(21) and 296(4)).

57. Plaintiff has been discriminated against on the basis of his disability in the use of the facilities of defendants, because he has ADHD and Mixed Anxiety Depressive Disorder.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (New York City Administrative Code § 8-107)

58. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

59. The New York City Administrative Code § 8-107(4) prohibits the discrimination on the basis of disability in the refusal, withholding from or denial of the accommodations, advantages, facilities or privileges by any place or provider of public accommodation. Defendants are places or providers of public accommodation within the meaning of the New York City Administrative Code § 8-102.

9

60. New York City Administrative Code §8-107(15) provides that "any person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

61. Plaintiff has a disability within the meaning of the New York City Administrative Code § 8-102(16).

62. Plaintiff has been discriminated against on the basis of his disability in the use of the facilities of defendants, because he has ADHD and Mixed Anxiety Depressive Disorder

### AS AND FOR A FIFTH CAUSE OF ACTION
(Retaliation)

63. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

64. 42 U.S.C. § 12203(a) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter."

65. New York Executive Law § 296(7) provides that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article."

66. The New York City Administrative Code § 8-107(7) provides that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (I) opposed any practice forbidden under this chapter."

67. Plaintiff participated in a protected activity when he requested a reasonable

accommodation from the defendants and when he challenged defendants' discriminatory actions.

68. Plaintiff's request was known to the defendants.

69. Plaintiff was dismissed by the defendants, an action which was adverse and disadvantaged him, shortly after his engaging in a protected activity.

70. Plaintiff's dismissal was due to his engaging in a protected activity.

71. Plaintiff has been retaliated against pursuant to § 504 of the Rehabilitation Act, 29 U.S.C.§ 794, Title III of the Americans With Disabilities Act (42 U.S.C. § 12182), New York State Human Rights Law § 296(4) and New York City Administrative Code §8-107.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Slander)

72. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

73. On May 22, 2006, at approximately 3:00 p.m., in the County of Bronx, at a meeting of the Committee, the defendant, NADINE T. KATZ, the Committee chairperson, in the presence and hearing of approximately twelve other committee members and plaintiff's physician, maliciously spoke of and concerning the plaintiff in a false and defamatory statement that the plaintiff was "dirty" "disheveled" and "had an odor of feces." Such statements were false.

74. As chairperson of the Committee, defendant, NADINE T. KATZ, has influence over the opinions and votes of the other Committee members.

75. Subsequent to defendant, NADINE T. KATZ's false and defamatory statements, plaintiff's doctors were forced to increase the dosage of his antidepressants two times in

order to control his symptoms.

76. By reason of those false and defamatory words having been spoken of and concerning the plaintiff, the plaintiff has been held up to disgrace and ridicule; has been injured in his reputation in both his academic life and his private life; and has suffered and continues to suffer severe pain, embarrassment, humiliation and mental anguish, as well as physical injuries.

77. As a result of that pain, embarrassment, humiliation and mental anguish, plaintiff has lost time from work, and continues to lose sleep and peace of mind, and remains under the care of a physician for treatment of his physical injuries.

78. That by reason of the foregoing, the plaintiff has suffered damages in an amount to be determined upon the trial of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Unjust Enrichment)

79. Plaintiff repeats and reiterates every allegation contained in all previous paragraphs.

80. Defendants have unjustly enriched themselves as a result of retaining the tuition monies paid by the plaintiff for his third and fourth academic years, which plaintiff is now forced to repeat at another medical school at his own expense.

81. The unjust enrichment was at plaintiff's expense because plaintiff paid these tuition monies to defendants in anticipation of finishing his degree at defendants and is now forced to pay tuition to another medical school to repeat his third and fourth years.

82. The circumstances are such that equity and good conscience require defendants to reimburse plaintiff for the tuition monies he has paid and they have wrongfully retained.

83. That by reason of the foregoing, the plaintiff has suffered damages in an amount to be

determined upon the trial of this action.

        WHEREFORE, plaintiff requests this court to:

a. Enter a permanent injunction compelling the defendants to reinstate the plaintiff as a student in the program operated by defendants;

b. Award plaintiff compensatory damages in an amount to be assessed at the time of trial;

c. Award plaintiff attorneys' fees;

d. Award plaintiff costs of suit incurred in this action; and

e. Award plaintiff such other and further relief as plaintiff is entitled to under the aforementioned statutes and that this Court may deem just and proper.

Plaintiff demands a jury trial.

Dated: Carle Place, New York
       September 20, 2007

                                               Respectfully submitted,

                                               LEEDS MORELLI & BROWN, P.C.
                                               Attorneys for Plaintiff
                                               One Old Country Road, Suite 347
                                               Carle Place, New York 11514
                                               (516) 873-9550

                                               JENNIFER ANN WYNNE (JW 0506)

ORIGINAL

13