UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JAMES BRIEF,

                Plaintiff,

                                             Case No.: 07 CV 8331

ALBERT EINSTEIN COLLEGE OF
MEDICINE, YESHIVA UNIVERSITY,
JAMES DAVID, M.D., and NADINE T.         ANSWER
KATZ, M.D.,

                Defendants.

------------------------------------------------------------ x

      Defendants Albert Einstein College of Medicine ("AECOM"), Yeshiva University, James David, M.D., and Nadine T. Katz, M.D. ("Defendants"), by and through their attorneys Sive, Paget & Riesel, P.C., answer the Complaint herein as follows:

      1.     Neither admit nor deny the allegations set forth in Paragraphs "1" through "3", "41" through "49", "51" through "53", "55" through "57", "59" through "62", "64" through "66", "71", "73" and "80" through "83" of the Complaint because they attempt to state legal conclusions, but if required to answer, would deny the allegations.

      2.     Deny knowledge or information sufficient to form an opinion as to the truth of the allegations set forth in Paragraphs "4", "14", "40" and "41" of the Complaint.

      3.     Admit the allegations set forth in Paragraphs "5", "6", "7", "9" and "11" of the Complaint, except state that Defendant Yeshiva University is organized under the Education Laws of the State of New York.

4. Admit the allegations in Paragraph "8" of the Complaint, except state that Dr. Nadine T. Katz was the Co-Chairman of the Committee on Student Promotions and Professional Standards (the "Committee").

5. Admit the allegations in Paragraph "10" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's class attendance and study habits.

6. Admit so much of Paragraphs "12" and "13" of the Complaint that allege that the Plaintiff was evaluated by Doctors Quail and Kroplick subsequent to failing his Obstetrics and Gynecology examination, respectfully refer to the Doctors' reports for their contents, and deny the remainder of the allegations in Paragraphs "12" and "13" of the Complaint.

7. Admit so much of the allegation in Paragraph "15" of the Complaint that defendants received the reports, and deny the rest of the allegation in Paragraph "15" of the Complaint.

8. Admit so much of the allegations in Paragraphs "16" and "17" of the Complaint that Plaintiff was granted additional time on timed examinations, and deny the remainder of the allegations in Paragraphs "16" and "17" of the Complaint.

9. Admit so much of the allegations in Paragraph "18" of the Complaint that Plaintiff met with the Committee in March and the Committee heard from the Plaintiff and received the report of his Physicians, and deny the reminder of the allegations in Paragraph "18" of the Complaint.

10. Admit the allegations in Paragraphs "19" through "21" and "23" through "25" of the Complaint.

11. Admit so much of the allegations in Paragraph "22" of the Complaint that Plaintiff passed his family medicine clerkship, and deny the remainder of Paragraph "22" of the Complaint.

12. Admit so much of the allegations of Paragraphs "26" through "29" of the Complaint that the Committee voted to uphold its earlier decision but requested additional information from Plaintiff, and deny the remainder of Paragraphs "26" through "29" of the Complaint.

13. Admit so much of the allegations of Paragraphs "30" through "34" of the Complaint that Plaintiff contacted additional physicians, refer to the physicians' reports for their contents, and deny the remainder of Paragraph "30" through "34" of the Complaint.

14. Admit the allegations in Paragraphs "35" through "38" of the Complaint.

15. Deny the allegations in Paragraph "39" of the Complaint, except admit that Plaintiff's appeal was denied by the Dean.

16. Deny the allegations in Paragraphs "42" through "45" of the Complaint.

17. Deny and admit the allegations in Paragraphs "46", "50", "54", "58", "63", "72" and "79" of the Complaint as they were previously admitted or denied.

18. Deny the allegations in Paragraphs "67" through "70" of the Complaint, except admit that Plaintiff was dismissed by Defendants.

19. Deny the allegations in Paragraphs "73" through "78" of the Complaint, except admit that the words complained of were uttered in May 2006.

20. Deny the allegations in Paragraph "81" of the Complaint.

21. Deny each and every other allegation of the Complaint.

## FIRST DEFENSE

22.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

23.     Plaintiff's sixth "Cause of Action" is barred by the applicable statute of limitations.

24.     The words complained of in Paragraph "73" of the Complaint were both privileged and an accurate reflection of Dr. Katz's perceptions.

## THIRD DEFENSE

25.     AECOM accommodates students with Attention Deficit Hyperactivity Disorder ("ADHD"), and other disabilities pursuant to a program that conforms to the requirements of the relevant statutes cited in the Complaint.

26.     Plaintiff failed at least eight examinations during his first three years at AECOM.

27.     Plaintiff appeared before the Committee at the end of his first year and was informed that further failures would result in his dismissal.

28.     As a result of his academic failures, Plaintiff was admitted to a program for students having difficulty with their academic work known as a "deceleration" program which amongst other features allowed the student to take a significantly reduced academic program.

29.     Plaintiff participated in a deceleration program during his second year at AECOM, and again during his third year due to repeated exam failures.

30.     Plaintiff did not request any accommodation nor did he assert that he suffered from any disability despite his treatment from a psychiatrist during this period, until after he failed an exam in December 2005 during his fourth year at AECOM.

31. After Plaintiff failed an examination in December 2005, he appeared before the Committee on three occasions. In January 2007, the Committee voted to dismiss Plaintiff, and Plaintiff appealed to the Dean of AECOM.

32. The Dean rejected Plaintiff's appeal on February 16, 2007. The Dean's rejection noted both the Plaintiff's earlier exam failures and that the Committee had warned Plaintiff that further failures would warrant dismissal, and then stated "[t]his very significant number of failed exams (ten) had accumulated <u>prior</u> to your requesting exam or other accommodations." (Emphasis in original.) The Dean concluded "[t]here are no 'accommodations' that would by that point <u>retroactively</u> erase your prior record of failures." (Emphasis in original.)

## FOURTH DEFENSE

33. Plaintiff's claim for monetary damages under his second "Cause of Action" is precluded under Title III of the ADA, 42 U.S.C. §§ 12181, <u>et seq</u>.

WHEREFORE, Defendants should have judgment dismissing the Complaint and for such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
　　　　December 13, 2007

　　　　　　　　　　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　　　　　　　　　　SIVE, PAGET & RIESEL, P.C.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　Albert Einstein College of Medicine,
　　　　　　　　　　　　　　　　　　　　　　Yeshiva University, James David, M.D.,
　　　　　　　　　　　　　　　　　　　　　　and Nadine T. Katz, M.D.

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Daniel Riesel
　　　　　　　　　　　　　　　　　　　　　　Daniel Riesel (DR 9777)
　　　　　　　　　　　　　　　　　　　　　　(A member of the Firm)
　　　　　　　　　　　　　　　　　　　　　　460 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　　　　(212) 421-2150

TO:

LEEDS MORELLI & BROWN, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514

P:\5999\Brief Answer to Complaint 12-11-07.doc