UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
JAMES BRIEF,

            Plaintiff,

            Case No.: 07 CV 8331

ALBERT EINSTEIN COLLEGE OF
MEDICINE, YESHIVA UNIVERSITY,
JAMES DAVID, M.D., and NADINE T.    DEFENDANTS' FIRST
KATZ, M.D.,    REQUEST TO
    PRODUCE DOCUMENTS
            Defendants.

-------------------------------------------------------- x

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Albert Einstein College of Medicine of Yeshiva University, Yeshiva University, James David, M.D., and Nadine T. Katz, M.D., by their attorneys, Sive, Paget & Riesel, P.C., request that plaintiff James Brief produce the following documents at the offices of Sive, Paget & Riesel, P.C., 460 Park Avenue, New York, New York 10022, on or before May 2, 2008.

## DEFINITIONS

As used herein, and pursuant to an incorporating Local Rule 26.3 of the Local Rules for the Southern District of New York:

1. Except as otherwise noted, the period of time covered by each specification is to date.

2. Terms referring to a gender include all genders.

3. "Plaintiff" refers to James Brief.

4. "Complaint" refers to the complaint filed by Plaintiff, and any subsequently-filed complaint, in the above-captioned action.

5. "Defendants" refers to defendants Albert Einstein College of Medicine of Yeshiva University, Yeshiva University, James David, M.D., and Nadine T. Katz, M.D., collectively; each is a "Defendant."

6. "AECOM" refers to defendant the Albert Einstein College of Medicine of Yeshiva University.

7. "Yeshiva" refers to defendant Yeshiva University and any or all of its departments, divisions, or schools, including but not limited to AECOM.

8. "Committee" refers to AECOM's Committee on Student Promotions and Professional Standards.

9. "ADHD" refers to the medical condition known as Attention Deficit Hyperactivity Disorder.

10. "MADD" refers to the medical condition known as Mixed Anxiety Depressive Disorder.

## INSTRUCTIONS

1. All documents herein requested shall be produced in a form that accurately reflects their condition as now stored and maintained, and including, without limitation:

   (a) all documents of which legible reproductions cannot be furnished shall be produced in their original form for examination and copying;

   (b) all file labels, file categories and file headings shall be produced with the responsive documents from such files, along with identification of the creator and the custodian of all documents produced;

   (c) all pages now stapled or otherwise fastened together shall be produced stapled or otherwise fastened together.

2. If any of the documents herein requested have been destroyed, transferred, or are claimed by Plaintiff to be privileged or are otherwise withheld, Plaintiff must provide for each such

document, at the time and place specified herein for the production of the requested documents, a specific statement of the ground and authority on which Plaintiff relies in withholding production, and the identity of each document withheld or unavailable by stating:

    (a)    the identity of the author of the document, the parties thereto, and any person who helped in its preparation;

    (b)    its title or identifying description;

    (c)    the date of the document or, if no date appears thereon, its approximate date;

    (d)    in summary, the nature and substance thereof or, if privileged is claimed, a sufficiently specific description of the nature of the document;

    (e)    the identity and location of each person having or last having possession, care, custody or control of the original and each of any copies thereof; and

    (f)    if such document was, but no longer is, in Plaintiff's control, what disposition was made of it, including, but not limited to, specification of: (i) the name and address of the person who disposed of the document; (ii) the date, time, and location of the disposal; and (iii) the manner, mode, or method of the disposal.

3. This Request to Produce Documents shall be deemed to be continuing, and any documents requested herein that are unavailable to Plaintiff as of the date hereof that are subsequently created or discovered by Plaintiff or his attorneys up to and including the time of trial shall be produced to Defendants at the time of their discovery or creation.

DOCUMENTS TO BE PRODUCED

1. All documents concerning the date on which Plaintiff was first diagnosed with ADHD and/or MADD.

2. All documents concerning the qualifications of Brian M. Quail, M.D. as a diagnostician, including but not limited to professional credentials, license, certification, and all documents concerning his area of specialization, employment and state(s) in which he has practiced or is practicing.

3. All documents concerning Dr. Quail's diagnosis of Plaintiff with ADHD and MADD.

4. All documents on which Dr. Quail based his diagnosis of Plaintiff with ADHD and MADD.

5. All documents concerning the qualifications of Dr. Lois Kroplick as a diagnostician, including but not limited to professional credentials, license, certification, and all documents concerning her area of specialization, employment and state(s) in which she has practiced or is practicing.

6. All documents concerning Dr. Kroplick's diagnosis of Plaintiff with ADHD and MADD.

7. All documents on which Dr. Kroplick based her diagnosis of Plaintiff with ADHD and MADD.

8. All documents concerning Plaintiff's attempt to be examined by Dr. Michael Stowe, as set forth in Paragraph 30 of the Complaint.

9. All documents concerning the qualifications of Lenard Adler, M.D. as a diagnostician, including but not limited to professional credentials, license, certification, and all documents concerning his area of specialization, employment and state(s) in which he has practiced or is practicing.

10. All documents concerning Dr. Adler's diagnosis of Plaintiff with ADHD and/or MADD.

11. All documents concerning the qualifications of David Sitt, M.D. as a diagnostician, including but not limited to professional credentials, license, certification, and all documents

concerning his area of specialization, employment and state(s) in which he has practiced or is practicing.

12. All documents concerning Dr. Sitt's diagnosis of Plaintiff with ADHD and/or MADD.

13. All documents concerning the qualifications of Dominick Auciello, M.D. as a diagnostician, including but not limited to professional credentials, license, certification, and all documents concerning his area of specialization, employment and state(s) in which he has practiced or is practicing.

14. All documents concerning Dr. Auciello's diagnosis of Plaintiff with ADHD and/or MADD.

15. All documents concerning the date on which Plaintiff first notified Defendants or any Defendant of his ADHD and/or MADD diagnosis.

16. All documents concerning the means by which Plaintiff notified Defendants or any Defendant of his ADHD and/or MADD diagnosis, including a completed Accommodations Request Questionnaire ("ARQ") and any written reports describing the alleged disability and its severity.

17. All documents submitted by Plaintiff to Defendants or any Defendant concerning Plaintiff's ADHD and/or MADD diagnoses, including results of diagnostic procedures and tests, educational, developmental, psychosocial, family and medical histories, and any other evidence of specific ongoing symptoms.

18. All documents concerning the specific accommodations that Plaintiff requested of Defendants or any Defendant as a result of his ADHD and/or MADD diagnosis.

19. All documents concerning the date on which Plaintiff first requested specific accommodations from Defendants or any Defendant.

20. All documents concerning Plaintiff's treatment for ADHD and/or MADD, including but not limited to any therapy or prescribed medications.

21. All documents concerning the treatment described in Paragraph 14 of the Complaint.

22. All documents concerning the cost and expense incurred by Plaintiff for diagnostic services and psychiatric treatments, including but not limited to invoices received for professional medical services and/or Plaintiff's payment or nonpayment of same, as well as any insurance coverage for same.

23. All documents concerning Plaintiff's admission to AECOM.

24. All documents concerning Plaintiff's registration for classes at AECOM.

25. All documents concerning Plaintiff's attendance of classes at AECOM.

26. All documents concerning Plaintiff's utilization of tutoring services, as described in Paragraph 10 of the Complaint.

27. All documents concerning Plaintiff's failure of medical school exams, including but not limited to Plaintiff's receipt of notification of his failure of medical school exams.

28. All documents concerning Plaintiff's failure of medical school courses, including but not limited to Plaintiff's receipt of notification of his failure of medical school courses.

29. All correspondence between the Committee and Plaintiff.

30. All documents concerning Plaintiff's appearance before the Committee.

31. All documents concerning Plaintiff's presentation of "evidence" of his ADHD and/or MADD diagnoses to the Committee.

32. All correspondence between and amongst Plaintiff and Defendants or any Defendant, and/or employees or agents of Defendants or any Defendant.

33. All documents concerning or otherwise supporting the allegations set forth in Paragraph 40 of the Complaint, that Plaintiff's MADD symptoms worsened, that his medication dosage was increased, and that his ADHD required weekly therapy sessions.

34. All documents concerning the student referred to in Paragraph 41 of the Complaint, including but not limited to documents supporting the allegations that such student failed an equal number of exams as did Plaintiff, had never been diagnosed with a learning disability or mental illness, and was scheduled to graduate from AECOM in May 2007.

35. All documents concerning or otherwise supporting the allegations set forth in Paragraph 42 of the Complaint, that Plaintiff is "otherwise qualified" to participate in AECOM's program, including but not limited to all documents concerning Plaintiff's application to, admission to, and/or academic performance at Ross University Medical School.

36. All documents concerning or otherwise supporting the allegations set forth in Paragraph 43 of the Complaint, that Plaintiff "has been discriminated and/or retaliated against by the defendants in that they failed to reasonably accommodate his disability."

37. All documents concerning or otherwise supporting the allegations set forth in Paragraph 44 of the Complaint, that Plaintiff "has been discriminated and/or retaliated against by the defendants in that he received disparate treatment due to his disability."

38. All documents concerning or otherwise supporting the allegations set forth in Paragraph 45 of the Complaint, that Plaintiff "has suffered a loss of future earnings and benefits, great pain, mental anguish and physical injury."

39. All documents concerning or otherwise supporting any or all of the seven "causes of action" set forth in the Complaint.

40. All documents concerning or otherwise supporting the allegations set forth in Paragraph 75 of the Complaint, that Plaintiff's doctors "were forced to increase the dosage of his antidepressants two times in order to control his systems."

41. All documents concerning or otherwise supporting the allegations set forth in Paragraph 76 of the Complaint, that Plaintiff "has been held up to disgrace and ridicule; has been injured in this reputation in both his academic and his private life; and has suffered and continues to suffer severe pain, embarrassment, humiliation and mental anguish, as well as physical injuries."

42. All documents concerning or otherwise supporting the allegations set forth in Paragraph 77 of the Complaint, that Plaintiff suffered "physical injuries."

43. All documents concerning or otherwise supporting the allegations set forth in Paragraph 80 of the Complaint, that Defendants have "retain[ed] the tuition monies paid by [Plaintiff] for his third and fourth academic years, which [Plaintiff] is now forced to repeat at another medical school at his own expense."

Dated: New York, New York
       April 2, 2008

                                        Yours, etc.,

                                        SIVE, PAGET & RIESEL, P.C.
                                        Attorneys for Defendants

                                  By:   /s/ Daniel Riesel
                                        DANIEL RIESEL (DR-9777)
                                        460 Park Avenue
                                        New York, New York 10022
                                        (212) 421-2150

To:    LEEDS, MORELLI & BROWN, P.C.
       Attorneys for Plaintiff
       One Old Country Road, Suite 347
       Carle Place, New York 11514
       (516) 873-9550

P:\5999\Brief Doc Request.doc